# EXHIBIT 1

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF OKLAHOMA

ANTHONY TRUPIA,                          )
                                         )
        Plaintiff,                    )
                                         )
v.                                       )     Case No. CIV-24-498-J
                                         )
HERITAGE HARD ASSETS LLC, et al.,        )
                                         )
        Defendants.                   )

## ORDER

Plaintiff, proceeding pro se, initiated this action on April 22, 2024, asserting various claims against a litany of entities and individuals across the country. His claims largely revolve around his receipt of an increased number of spam calls since signing up for a government-subsidized phone service. Several parties have moved to dismiss.

Presently before the Court is Plaintiff's Motion Challenging Constitutionality of Federal Rule of Civil Procedure and Local Court Rules, (Pl.'s Mot.) [Doc. No. 37],[1] to which no party responded. Citing the Fourteenth Amendment,[2] the motion raises an as-applied constitutional challenge to Federal Rule of Civil Procedure 5(d)(3)(B)(i) and a facial constitutional challenge to §§ I(A)(1) and III(B) of this Court's Electronic Filing Policies & Procedures Manual.[3] *See id.* at

---

[1] All page citations refer to the Court's CM/ECF pagination.

[2] Though Plaintiff repeatedly invokes the Fourteenth Amendment, it "applies only to state action." *Gray v. Univ. of Colo. Hosp. Auth.*, 672 F.3d 909, 927 (10th Cir. 2012). Because Plaintiff's constitutional challenge targets a Federal Rule of Civil Procedure and electronic-filing policies of a federal court, it falls under the purview of the Fifth Amendment. *Smith v. Kitchen*, 156 F.3d 1025, 1028 (10th Cir. 1997) ("From the earliest interpretations of this amendment, courts have agreed that the Fifth Amendment protects against actions by the federal government."). Nevertheless, the legal analysis remains largely the same.

[3] As a general matter, a party "may challenge the constitutionality of a statute by asserting a facial challenge, an as-applied challenge, or both." *United States v. Carel*, 668 F.3d 1211, 1217

3 ("[Rule] 5(d)(3)(B)(i) is unconstitutional as applied, and . . . Policy Rules § I(A)(1) and § III(B) are unconstitutional facially.  There are many legal precedents and angles that confirm this, chief among them, the 14th Amendment to the Constitution of the United States.").

Rule 5(d)(3)(B)(i) provides that pro se litigants "may file electronically only if allowed by court order or by local rule."  Fed. R. Civ. P. 5(d)(3)(B)(i).  Sections I(A)(1) and III(B) require that pro se litigants file paper documents.  *See* ECF Policies & Procedures Manual, §§ I(A)(1), III(B).  Section I(A)(3) adds, however, that "[t]he assigned judge may modify these procedures in specific cases . . . if deemed appropriate."  *Id.*, § I(A)(3).  On June 7, 2024, the Court denied Plaintiff's request to file documents electronically using the Court's electronic case filing system, finding "no reason to except Plaintiff from the usual restrictions that prohibit electronic filings by pro se litigants."  [Doc. No. 34] at 2.

Plaintiff's present motion starts by referencing that denial, acknowledging that the Court inquired about his "special reason" for using the electronic case filing system, to which he responds that "he has no special reason and . . . needs no special reason."  Pl.'s Mot. at 3 (emphasis omitted).  He then insists that Rule 5(d)(3)(B)(i) and §§ I(A)(1) and III(B) violate his constitutional right to access the courts, going oddly as far as to compare them to Jim Crow laws.  *See id.* at 10 ("Each attorney reading this motion should be able to clearly see that this rule is an archaic leftover of Jim Crow laws, should be categorically opposed to any homage to that era, and is professionally obligated to put their fingers to the keyboard to challenge such an archaic,

---

(10th Cir. 2011).  A party "cannot succeed on a facial challenge unless he establishes that no set of circumstances exists under which the law would be valid, or he shows that the law lacks a plainly legitimate sweep."  *Moody v. NetChoice, LLC*, 144 S. Ct. 2383, 2397 (2024) (brackets and internal quotation marks omitted).  "In contrast, an as-applied challenge concedes that the statute may be constitutional in many of its applications, but contends that it is not so under the particular circumstances of the case."  *Carel*, 668 F.3d at 1217 (brackets, emphasis, and internal quotation marks omitted).

unfair, and illegal rule for the preservation of the rights of the public and their own profession.");

*see also id.* at 5 ("Plaintiff is a white, male, property owner.  The segregationists, which believed access to the full benefits of the law only belonged to people in this classification, have taken their absurd beliefs and this fight against rational modern thinking so far 100 years later that they find themselves full circle, attempting to bar even white, male property owners from accessing court services." (emphasis omitted)).

"The Federal Rules of Civil Procedure, promulgated by the Supreme Court under the Rules Enabling Act, 28 U.S.C. § 2072, derive from a valid delegation of legislative authority," *Violette v. P.A. Days, Inc.*, 427 F.3d 1015, 1017 (6th Cir. 2005) (citing *Sibbach v. Wilson & Co.*, 312 U.S. 1, 9–10 (1941)), and enjoy "presumptive validity under both the constitutional and statutory constraints," *Burlington N. R.R. Co. v. Woods*, 480 U.S. 1, 6 (1987).  Federal Rule of Civil Procedure 83 authorizes federal district courts to adopt local rules and regulate practice, provided they do not conflict with the Federal Rules of Civil Procedure or other federal law. Fed. R. Civ. P. 83; *see also Martinez v. Thrifty Drug & Disc. Co.*, 593 F.2d 992, 993 (10th Cir. 1979) (observing district courts' authority "to promulgate rules with which to run their affairs"). Amidst a number of unfocused claims, Plaintiff argues that Rule 5(d)(3)(B)(i) and §§ I(A)(1) and III(B) burden his right to access the courts.  *See* Pl.'s Mot. at 4.

"The right to access the courts is one aspect of the First Amendment right to petition the government for redress, as well as a guarantee of the right to present to a court of law allegations concerning the violation of constitutional rights protected by the Due Process Clause." *Brooks v. Colo. Dep't of Corr.*, 730 F. App'x 628, 631 (10th Cir. 2018) (unpublished) (brackets and internal quotation marks omitted).  But the right is "neither absolute nor unconditional," *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (per curiam), and the right has been defined more

narrowly outside the context of prisoner litigation, *see Valdez v. Roybal*, 186 F. Supp. 3d 1197, 1238–46 (D.N.M. 2016) (summarizing in detail the limited application of the right to access the courts beyond the prisoner setting).

Plaintiff cites no case holding that electronic filing restrictions—like those in Rule 5(d)(3)(B)(i) and §§ I(A)(1) and III(B)—implicate the constitutional right to access the courts, nor has this Court located any.  *See Oliver v. River City Process Serv., Inc.*, No. 23-cv-1739-DMS-KSC, 2024 WL 3446323, at *2 (S.D. Cal. July 17, 2024) ("Plaintiff fails to cite any authority to support his contention that e-filing is a constitutional right, nor is the Court aware of any. Rather, e-filing is a privilege which in some circumstances may be extended to self-represented parties. Although Plaintiff has a constitutional right to 'access the courts,' he does not have a constitutional right to file pleadings electronically." (internal citation and quotation marks omitted)).  And Plaintiff has more than demonstrated his ability to actively litigate during the early stages of these proceedings, further undermining any claim that Rule 5(d)(3)(B)(i) or this Court's electronic filing policies impede his access to the courts.  *See, e.g.*, *Reinhardt v. Hopps*, 590 F. App'x 755, 758 (10th Cir. 2014) (unpublished) (finding denial of access to electronic filing system was not a deprivation of plaintiff's "ability to be heard" because she "was able to access the district court through alternative means, including mail and personal delivery"); *Blackston v. Alabama*, 188 F. App'x 803, 806–07 (11th Cir. 2006) (per curiam) (unpublished) (finding plaintiffs' due process claims based on electronic filing restrictions without merit where their filing history displayed "adequate and meaningful" access to the court throughout the proceedings); *Williams v. Curtis*, No. 3:16-CV-151-D-BH, 2017 WL 979053, at *6 (N.D. Tex. Jan. 18, 2017) (collecting cases for the proposition that "there is no denial of access to courts if alternative means of assuring access to courts were available").

In short, the Court finds Plaintiff's ancillary constitutional challenge is without merit. His motion [Doc. No. 37] is thus DENIED.

IT IS SO ORDERED this 12th day of September, 2024.

_____
BERNARD M. JONES
UNITED STATES DISTRICT JUDGE