# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| ANTHONY TRUPIA,<br><br>　　　　*Plaintiff*,<br><br>v.<br><br>MAXWELL LEADERSHIP, INC.,<br><br>　　　　*Defendant*. | No. 1:26-cv-02362-TRJ<br><br>Jury Trial Demanded |

**Defendant's Brief in Opposition to Plaintiff's
Motion to Amend Complaint, or,
In the Alternative, in Support of Motion
To Dismiss First Amended Complaint**

Peter J. Brann (Pro Hac Vice)
David Swetnam-Burland (Pro Hac Vice)
Brann & Isaacson
113 Lisbon St., P.O. Box 3070
Lewiston, ME 04243-3070
(207) 786-3566
pbrann@brannlaw.com
dsb@brannlaw.com

Edward A. Bedard　　926148
ROBBINS ALLOY BELINFANTE
　LITTLEFIELD, LLC
500 14th Street, NW
Atlanta, GA 30318
(678) 701-9381
(404) 856-3255 (fax)
ebedard@robbinsfirm.com

*Attorneys for Defendant*

## Table of Contents

Table of Contents ...................................................................................................i

Introduction ..........................................................................................................1

Background ...........................................................................................................2

Argument..............................................................................................................4

    I.      Plaintiff's Motion to Amend Should Be Denied Because It Fails to Satisfy Rule 15(a) ..................................................................................4

    II.    Plaintiff's Motion to Amend Should Be Denied Because It Fails to Satisfy Rule 8(a)(2) ................................................................................7

    III.   Plaintiff's Motion to Amend Should Be Denied Because It Does Not Assert Any Plausible Factual Claims Against the Individual Defendants ......................................................................................11

Conclusion .........................................................................................................13

Certificate of Compliance ..................................................................................14

Certificate of Service .........................................................................................15

## Introduction

Plaintiff Anthony Trupia has filed a motion for leave to file a First Amended Complaint (FAC). ECF 11 (motion); ECF 11-1 (proposed FAC). Defendant Maxwell Leadership, Inc. (Maxwell Leadership) opposes this motion, or, in the alternative, requests that the Court dismiss the FAC for failure to state a claim.

*First*, because the proposed FAC does not address the fundamental legal flaws in the original complaint, ECF 1-1 (Compl.), the Court should deny the motion to amend under Fed. R. Civ. P. 15 on the grounds of futility. Although the FAC adds numerous paragraphs of allegations, adds a claim for vicarious or accomplice liability, and adds four parties, none of those changes addresses the fundamental legal flaws in the case—text messages are not covered by the *Telephone* Consumer Protection Act or the Oklahoma *Telephone* Solicitation Act, and receiving six text messages does not constitute an intrusion upon seclusion as a matter of law. Additionally, the Court could deny the motion on grounds of bad faith and undue prejudice because that FAC accomplishes what Plaintiff explicitly advises *pro se* plaintiffs to do—file even unmeritorious complaints and motions to drive up defendants' litigation costs and thereby extract nuisance settlements.

*Second*, the proposed FAC violates the "short and plain statement" requirement of Fed. R. Civ. P. 8(a)(2) in numerous respects. As another federal court found dismissing a lawsuit Plaintiff filed under Rule 8, the proposed FAC is replete

with conclusory, vague, and immaterial facts, as well as extensive legal argument, unsupported factual and conspiracy theories, and personal attacks.

*Third*, the proposed FAC does not allege any *facts* that would support individual liability. Instead of alleging intentional misconduct or gross failure by these individuals, Plaintiff alleges conclusorily that the proposed individual defendants were senior officers of Maxwell Leadership who violated the TCPA. That is not enough.

### Background

Both the original, 34-paragraph, 7-page, Complaint and the proposed, 107-paragraph, 61-page, First Amended Complaint are grounded on the same core facts—Plaintiff alleges that Maxwell Leadership sent him six unsolicited text messages (although he changes the dates when he allegedly received these text messages). *Compare* Compl. ¶ 8 *with* FAC ¶ 22. Both the original Complaint and the FAC allege that these actions violated the Telephone Consumer Protection Act (TCPA), the Oklahoma Telephone Solicitation Act (OTSA), and the tort of inclusion on seclusion because such conduct would be highly offensive to a reasonable person. *See* Compl. ¶¶ 16–30; FAC ¶¶ 82–100.

The critical difference between the two pleadings is that Plaintiff adds over 70 paragraphs and over 50 pages of convoluted and conspiratorial contentions about what Plaintiff calls the "coordinated, vertically integrated, and automated messaging

2

apparatus." FAC ¶ 1. The FAC also proposes to add a fourth, derivative, claim for relief entitled "Vicarious Liability and the 'Assisting and Facilitating' Doctrine," which Plaintiff describes as follows:

> The liability for the statutory and common law violations alleged herein extends to all Defendants through the principles of agency, vicarious liability, and the "assisting and facilitating" doctrine established under the Telemarketing Sales Rule (TSR). The "Txt.so Industrial Complex" functions as a unified enterprise where each participant provides substantial assistance to the illegal campaign while knowingly profiting from the harassment of consumers.

FAC ¶ 101.

Additionally, the FAC proposes to add two additional individual defendants, John Maxwell, who is described as the founder of Maxwell Leadership, and Jobby Mathew, who is described as an owner and senior manager of Maxwell Leadership, and both of whom are broadly alleged without providing *any* specific facts to have a personal role in transmitting texts to Plaintiff for Maxwell Leadership. *See, e.g.,* FAC ¶¶ 8–9.

Finally, the FAC proposes to add two additional corporate defendants, SimpleTexting, which allegedly "provided the specific 'txt.so' software infrastructure and dialing logic used to execute the automated blasts," and Sinch AB, which allegedly "provided the 'A-level' STIR/SHAKEN attestations and wholesale carrier gateway to certify this traffic as 'known' and compliant, effectively

3

bypassing carrier-level spam filters despite the total lack of consumer consent." FAC ¶ 2.

Although the proposed FAC is nearly nine times longer than the original complaint, this case is still about six text messages sent to Plaintiff, and that simple case cannot survive a motion to dismiss.

## Argument

### I.    Plaintiff's Motion to Amend Should Be Denied Because It Fails to Satisfy Rule 15(a).

Having filed a motion for leave to file an amended complaint, Plaintiff waived any right to amend as a matter of course and invited the Court to review his proposed amendments. *See Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010). Although courts have limited the holding of *Coventry* to represented parties, Plaintiff's status as a serial plaintiff arguably could change the calculus. Alternatively, if the Court concludes that *pro se* Plaintiff may amend his complaint as a matter of right under Fed. R. Civ. P. 15(a)(1)(B), the Court could treat this opposition instead as a motion to dismiss the FAC for failure to state a claim, adopting by reference Maxwell Leadership's arguments in the pending motion to dismiss (ECF 15, 15.1) under Fed. R. Civ. P. 10(c), together with the arguments below.

The Court has discretion to grant or deny a motion to amend. *Bailey v. Lopez-Rivera*, 2026 WL 161319, *2 (11th Cir. Jan. 21, 2026). The standard for evaluating this motion is well established:

> In deciding whether to grant a party leave to amend a pleading, a district court may consider several factors, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment."

*Equity Lifestyle Props., Inc. v. Fla. Mowing and Landscape Serv., Inc.*, 556 F.3d 1232, 1241 (11th Cir. 2009) (brackets added by court and quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

First and foremost, the Court should deny the motion to amend because the proposed amendments are futile. "Proposed amendments are futile if the complaint, as amended, still faces dismissal." *Bailey*, 2026 WL 161319, at *2 (citing *Marrache v. Bacardi U.S.A., Inc.*, 17 F.4th 1084, 1102 (11th Cir. 2021)).

Stripped to its essentials, Plaintiff alleges that Maxwell Leadership sent him six unsolicited text messages. As explained in the accompanying motion to dismiss the original Complaint, ECF 15, 15.1, neither the Telephone Consumer Protection Act nor the Oklahoma Telephone Solicitation Act creates a private cause of action concerning text messages. As further explained in the motion to dismiss, receiving six unsolicited text messages does not constitute the tort of intrusion upon seclusion because such conduct would not be highly offensive to a reasonable person.

If Plaintiff's three causes of action are found wanting as a matter of law, then his derivative cause of action against others for "vicarious liability and assisting and facilitating" (even if comprehensible) likewise falls by the wayside. Similarly, Plaintiff's lengthy jeremiad against the "coordinated, vertically integrated, and automated messaging apparatus" (FAC ¶ 1) cannot alter the conclusion that his underlying legal claims are subject to dismissal. Plaintiff's proposed amendments to his original complaint do not change the trajectory of this lawsuit and thus should be denied as futile.

Futility alone is reason to deny the motion to amend. Additionally, the Court could deny the motion on the grounds of "bad faith" and "undue prejudice to the opposing party." *Foman v. Davis*, 371 U.S. at 182.

Plaintiff's proposed amendments are taken from his publicly announced playbook for *pro se* plaintiffs in these types of cases. In his YouTube video entitled, *How I Made $100,000 in One Year Suing Spam Callers, and You Could Too!*, available at https://www.youtube.com/watch?v=FfoNM9CHupY, Plaintiff explains in detail his strategy of aggressively litigating these cases (15:31), extracting nuisance value settlements (18:22), leveraging defense costs (19:14), and filing numerous motions to drive up defense costs (22:06). Plaintiff summarizes his approach as follows:

> You will find yourself in the most unbalanced position you could ask
> for in a situation like this, and the situation will finally be unbalanced

in your favor. *Every motion you write and document you send will burn through attorney money while it costs you nothing but time and effort to stick with it and stay in court. You don't even have to win a case. You just have to be able to hang in the court process as these idiot companies burn their money away.*

*Id.* (29:24) (emphasis added). Suffice it to say, adding defendants and forcing them to litigate 61 pages of inconsequential, convoluted, and conspiratorial contentions will make a nuisance value settlement look attractive despite the lack of the merits of these claims. Plaintiff should not be permitted to amend his complaint to advance these illegitimate aims.

## II. Plaintiff's Motion to Amend Should Be Denied Because It Fails to Satisfy Rule 8(a)(2).

Unlike his original, 34-paragraph, 7-page, Complaint, Plaintiff's proposed 107-paragraph, 61-page, Plaintiff's First Amended Complaint fails to comply with the requirement of Fed. R. Civ. P. 8(a)(2) that it contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

"The point is to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Harrison v. Benchmark Elecs. Huntsville, Inc.,* 593 F.3d 1206, 1214 (11th Cir.2010). "A 'shotgun pleading' where 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief' does not comply with that standard." *Peavey v. Black*, 476 F. A'ppx 697, 699 (11th Cir. 2012) (quoting *Anderson v. Dist. Bd. of Trs. of Ctr. Fla. Cmty. Coll.,* 77 F.3d 364, 366–67 (11th Cir.1996)).

7

Thus, Rule 8 prohibits complaints that are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F. 1313, 1322 (11th Cir. 2015) (footnote collecting cases omitted); *see also id*. at 1322 n.12 (citing *Tamiami Partners, Ltd. v. Miccosukee Tribe of Indians of Fla.,* 63 F.3d 1030, 1046 n. 51 (11th Cir.1995) (characterizing the complaint at issue as "a quintessential shotgun pleading, replete with vague and cursory allegations"); *Tamiami Partners, Ltd. v. Miccosukee Tribe of Indians of Fla.,* 63 F.3d 1030, 1046 n. 51 (11th Cir.1995) ("[Plaintiff's complaints] are quintessential 'shotgun' pleadings, replete with factual allegations that could not possibly be material to any of the causes of actions they assert.") (descriptions added by *Weiland* court).

As another federal court found when it dismissed a similar lawsuit filed by Plaintiff, his lengthy complaints do not comply with Rule 8:

> [Plaintiff Anthony Trupia] asserts claims against a litany of individuals and entities across the country, based on his alleged receipt of an increased number of "spam" calls after signing up for a government-subsidized phone service.

> ***

> Plaintiff has failed to satisfy Rule 8. His pleading is replete with irrelevant allegations and background information, personal attacks, unnecessary discussions of legal decisions and their application to this case, redundant recitations of statutes and federal regulations, unreadable screenshots, and allegations made against parties collectively without distinguishing their roles or actions.

*Anthony Trupia v. Heritage Hard Assets LLC*, Case No. CIV-24-498-J, ECF 101 at 1, 2 (W.D. Okla. Feb. 3, 2025) (brackets and ellipsis added and citations omitted) (attached as Exhibit A). So, too, here.

Plaintiff's proposed additions are largely incomprehensible and irrelevant to the specific asserted legal claims. To take just one example, the FAC asserts:

> The mathematical intent of this culpability is evidenced by the design of the "Txt.so" link-shortening engine itself. To manage the "bursty" traffic patterns of mass messaging, where tens of thousands of messages are dispatched in sub-second intervals, the infrastructure must utilize algorithmic scheduling engines. These engines rely on Linear Congruential Generators (LCG) to manage the sequence of database lookups and the generation of tracking links. The recurrence elation for these algorithmic processes is or is similar to:
>
> $$X_{n+1} = (aX_n + c) \pmod{m}$$

FAC ¶ 72; *see, e.g., id.* ¶¶ 1, 21, 23, 28, 39–44, 70–73, 80, 83–88, 98, 105–107.

Furthermore, Plaintiff's proposed additions frequently consist of legal arguments on numerous issues, such as concurrent jurisdiction, *id.* ¶¶ 15–16, 19–20, the TCPA, *id.* ¶¶ 82–83, 85, 89, the OTSA, *id.* ¶¶ 91–95, the Telemarketing Sales Rules, *id.* ¶ 76, standing, *id.* ¶ 99, vicarious liability, and other legal issues, *id.* ¶¶ 20, 47–50. Additionally, Plaintiff's proposed additions refer to actions taken by government agencies against others. *Id.* ¶¶ 63–69, 104. Especially when combined

9

with unsupported factual and conspiracy theories, Maxwell Leadership cannot comprehend, much less respond cogently, to Plaintiff's legal assertions, such as:

> The "Txt.so Industrial Complex" satisfies the ATDS definition through the "index-generator" theory, which remains a viable pleading standard under the "Footnote 7" dicta preserved in the *Duguid* opinion. Justice Sotomayor noted that an autodialer might use a random number generator to determine the order in which phone numbers are picked from a preproduced list. The messaging platform utilized by the Defendants relies on Linear Congruential Generators (LCG) and other algorithmic engines to determine the sequence or "shuffling" of calls from the stored lead list. The mathematical recurrence relation for these dialing processes ensures that the system can produce a sequence of values (dialing indices or tracking slugs) that are non-colliding and unique across a massive dataset.

*Id.* ¶ 85.

Plaintiff's proposed additions are further marred by unsupported and easily refuted personal attacks. Plaintiff requests that the Court take judicial notice of *Robert Sumrell v. Maxwell Leadership, Inc.*, No. 1:26-cv-00531-TWT (N.D. Ga.) (*Sumrell*). FAC ¶ 52. Plaintiff alleges that this case "established" that Maxwell Leadership "utilized the identical 'txt.so' industrial complex automated infrastructure to facilitate unsolicited messaging campaigns across the country," *id.* ¶ 53, and that the *Sumrell* case was resolved through a "settlement." *Id.* ¶ 54. Not so.

After the *Sumrell* case was assigned to Judge Thrash, who had recently ruled that the TCPA did not apply to text messages, *see Radvanksy v. 1-800-Flowers.com, Inc.*, 2026 WL 456919 (N.D. Ga. Feb. 17, 2026), the plaintiff voluntarily dismissed the *Sumrell* case without prejudice. *Sumrell*, ECF 10 (attached as Exhibit B). The

plaintiff then refiled the *Sumrell* case in the Northern District of Illinois; the undersigned counsel brought this gamesmanship to the Illinois court's attention; that court ordered the plaintiff to file a response; and the plaintiff then dismissed second *Sumrell* case with prejudice. *See Sumrell v. Maxwell Leadership, Inc.*, No. 1:26-cv-03661, ECF 9 (N.D. Ill.) (attached as Exhibit C). In other words, there was no settlement and the *Sumrell* case did not establish anything.

In sum, Plaintiff's voluminous proposed additions violate Rule 8 in multiple respects and should not be allowed.

### III.    Plaintiff's Motion to Amend Should Be Denied Because It Does Not Assert Any Plausible Factual Claims Against the Individual Defendants.

Plaintiff's motion to amend should be denied in its entirety. In addition to futility and impropriety of his general allegations, Plaintiff's proposed allegations against the two individual defendants cannot survive scrutiny.

Plaintiff's cursory allegations against the two individuals are repeated verbatim throughout the proposed First Amended Complaint. *See* FAC ¶ 8 ("John Maxwell is the Founder of Maxwell Leadership and personally authorized the automated infrastructure used in this campaign."); *id*. ¶ 9 ("Jobby Mathew is an owner and senior manager of Maxwell Leadership who exercised direct oversight and control over the marketing operations and the selection of the automated platforms used to transmit the illegal texts."); *accord id*. ¶¶ 74–75, 89, 96, 100, 102.

11

These labels, masquerading as facts, are insufficient to establish individual liability (even if there was any corporate liability, which there is not).

"Before corporate officers 'may be held personally liable under the TCPA, they must have had direct, personal participation in the conduct that violated the TCPA or knowingly authorized such conduct.'" *Wilkerson v. InsureMe Inc*., 2026 WL 809589, *4 (M.D. Fla. Mar. 24, 2026) (quoting *Worsham v. TSS Consulting Grp., LLC*, 2023 WL 2664203, *9 (M.D. Fla. Mar. 28, 2023) (other citations omitted). In *Wilkerson*, the plaintiff simply identified the individual defendant as an officer, director, or managing agent of the corporate defendant, and that "conclusory allegation, without more, is insufficient to plausibly allege individual liability" under the TCPA. *Wilkerson*, 2026 WL 809589, at *4.

Similarly, in *Sayed v. Naturopathica Holistic Health, Inc*., 2025 WL 2997759, *2 (M.D. Fla. Oct. 24, 2025), an allegation that a corporate officer "personally participated in and/or directed and authorized" text messages was a mere conclusory statement that without more could not survive a motion to dismiss. "Some showing of intentional misconduct or gross failure to implement policies that comply with the TCPA should be required." *Id*. (quotation omitted).

Simply alleging that the individuals had leadership positions with Maxwell Leadership is insufficient. Plaintiff should not be permitted to ratchet up pressure on

12

Maxwell Leadership to settle by suing without any factual basis its corporate officers individually.

## Conclusion

Defendant Maxwell Leadership, Inc. respectfully requests that the Court deny Plaintiff Anthony Trupia's motion for leave to file a First Amended Complaint. In the alternative, Maxwell Leadership requests that the Court dismiss the First Amended Complaint for failure to state a claim.

Dated: June 2, 2026

/s/ Peter J. Brann
Peter J. Brann (Pro Hac Vice)
David Swetnam-Burland (Pro Hac Vice)
Brann & Isaacson
113 Lisbon St., P.O. Box 3070
Lewiston, ME 04243-3070
(207) 786-3566
pbrann@brannlaw.com
dsb@brannlaw.com

/s/ Edward A. Bedard
Edward A. Bedard     926148
ROBBINS ALLOY BELINFANTE
  LITTLEFIELD, LLC
500 14th Street, NW
Atlanta, GA 30318
(678) 701-9381
(404) 856-3255 (fax)
ebedard@robbinsfirm.com

*Attorneys for Defendant*

13

## Local Rule 7.1(D) Certification

I certify that this document has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1. Specifically, this document has been prepared using 14-pt Times New Roman font and type.

/s/ Peter J. Brann
Peter J. Brann

14

**Certificate of Service**

I certify that, on June 2, 2026, I electronically filed this document and any attachments using the Court's CM/ECF system, which will send notification to all counsel of record. I further certify that I served a copy with all attachments on *pro se* Plaintiff Anthony Trupia by email and U.S. mail, postage prepaid, addressed as follows:

> Anthony Trupia
> 605 SE 21st St.
> Oklahoma City OK 73129
> trupiaar@gmail.com

> /s/ Peter J. Brann
> Peter J. Brann

15