FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT 26 2026

KEVIN P. WEIMER, Clerk
By: [signature] Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANTHONY TRUPIA,

Plaintiff,

No. 1:26-cv-02362-TRJ

v.

Jury Trial Demanded

MAXWELL LEADERSHIP, LLC,

Defendant.

**Plaintiff's Reply in Support of His Motions for Sanctions Under Federal Rule of Civil Procedure 11 (Doc. 29) and 28 U.S.C. § 1927 (Doc. 31)**

## Introduction

Defendant's opposition (Doc. 33) answers part of one motion. It takes up the Rule 11 motion's "major legal arguments … through page 25," Doc. 33 at 15, declines its factual grounds, declines Exhibit A, and does not answer the § 1927 motion (Doc. 31) at all, asking the Court instead to decide it "based on the prior, fully briefed, still pending motion." *Id.* There is no such motion. The Court denied ECF 18 on September 2, 2026, and invited the refiling that Doc. 31 is.

What Doc. 33 does say confirms the motions. It repeats word for word, after notice, the descriptions of *Lopresti* and *Davis* that Doc. 22 offered and Doc. 25 corrected. It concedes that the passage Doc. 15-1 presented as the en banc Eleventh

Circuit's words was GoDaddy's argument, and substitutes a different sentence. And it corrects, without acknowledgment, the "§ 625B" and "625 F. App'y" citations that the challenged brief still carries. Its procedural objections rest on Guidelines text no longer in force and on docket facts the docket contradicts. (Page citations to filings are to each filing's printed page numbers.)

**I. The Procedural Objections Rest on Statements the Record Contradicts.**

**A. ECF 18 is not pending; Doc. 31 is the refiling the Court invited.** Doc. 33 states three times that ECF 18 "has been fully briefed and remains pending." Doc. 33 at 6; *see id.* at 1, 15. Doc. 32 said the same thing on September 17. Doc. 32 ¶ 6. Fifteen days earlier the Court had entered an order "DENYING 18 Plaintiff's Motion for Sanctions as noncompliant with the Local Rules of this Court as well as the Court's Guidelines. Plaintiff may refile a motion that complies with the page limits." Order of Sept. 2, 2026. Doc. 31 is that refiling, and nothing remained to withdraw. *Maxum*, on Defendant's own parenthetical, concerns a party who amended a motion "without first moving to amend or withdraw [the] then-pending motion." Doc. 33 at 6. There was no then-pending motion.

The consequence is that Doc. 33 answers Doc. 31 only in the abstract. Its merits section is confined to "Plaintiff's major legal arguments in his latest Rule 11 Motion," Doc. 33 at 15, and its § 1927 section never reaches the multiplication

Doc. 31 identifies: the thirteen-page discretionary opposition built on an invented exception to *Coventry First*, the extrinsic material that must now be litigated back out of the case, and the repetition of each misdescription after notice. Doc. 31 at 23–24. "Failure to file a response shall indicate that there is no opposition to the motion." LR 7.1(B), NDGa; *accord* Doc. 26 § 2(E).

**B. The page-limit objection quotes a sentence the operative Guidelines do not contain.** Doc. 33 declines everything in Exhibit A on the strength of a sentence it attributes to "Judge Johnson Standing Order § 3(C)": "[t]he Court will … not consider any arguments made in pages which exceed the Local Rules' requirements." Doc. 33 at 4. Section 3(C) of the Guidelines entered in this case on September 2 governs extensions of time. Doc. 26 § 3(C). The page-limit provision, § 3(E), does not contain the quoted sentence; that sentence appeared in the version entered on May 6, Doc. 6 § 3(E), which Doc. 26 replaced. The operative text leaves the remedy with the Court: "Filings that exceed the page limit may be denied or rejected with instructions to resubmit a compliant filing." Doc. 26 § 3(E). Defendant put its evasion argument to the Court on September 17. Doc. 32 ¶¶ 8–9. The same day, the Court set a deadline for Defendant's response to "Plaintiff's pending motions for sanctions." Order of Sept. 17, 2026.

Nor does the objection explain what Defendant declined. Each motion's twenty-five-page body identifies every violation, its author, and its location, with record citations. Doc. 29 at 2; Doc. 31 at 1–2. Exhibit A reproduces the language of the filings and opinions so the Court can check each quotation against its source without retrieving it. Plaintiff relies on no ground the body does not state; if the Court regards any part of Exhibit A as argument, that part may be disregarded and the motions decided on their bodies. What Doc. 33 left unanswered, it left unanswered in the body, within the twenty-five pages it concedes it must address. Part II lists it.

**C. The motions are not late responses to ECF 15 and 16.** Doc. 33 calls the motions "untimely responses" whose arguments "could have been and should have been raised earlier." Doc. 33 at 5. A Rule 11 motion could not have been raised earlier, or there. It "must be made separately from any other motion," and it "must not be filed" until twenty-one days after service. Fed. R. Civ. P. 11(c)(2). Served the day Doc. 15 was filed, a Rule 11 motion could not have reached the docket before June 23, 2026, a week after the June 16 response date LR 7.1(B) set. Nor is a sanctions motion a merits brief. "[T]he imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so,

what sanction would be appropriate." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990). Motions for costs and fees are likewise "independent proceeding[s] supplemental to the original proceeding." *Id.* at 395 (quotation omitted). Defendant asked the Court on September 17 to defer the sanctions motions until after it decides ECF 11 and 15, Doc. 32 at 1–2; the Court granted that motion only in part and set a date. Order of Sept. 17, 2026. *Boyd*, as Doc. 33 quotes it, addresses "abandonment of [a] claim," Doc. 33 at 5; a sanctions motion asserts no claim to abandon.

**D. Plaintiff filed his Certificate of Compliance; Defendant listed it and chose not to respond.** Doc. 33 tells the Court that Plaintiff "did not file, and vigorously opposed filing, a Certificate of Compliance with this Court's Standing Order on AI assistance." Doc. 33 at 1. Plaintiff's Certificate of Compliance with Doc. 26 is ECF 28. Doc. 33 cites it, *id.* at 5, and Defendant's own motion of September 17 listed it by name, "Plaintiff's Certificate of Compliance (ECF 28)," while announcing that Defendant "does not plan to respond to Plaintiff's Certificate of Compliance or Plaintiff's Motion for Clarification." Doc. 32 at 1. How Section 3(A) applies to Plaintiff is before the Court on that motion, ECF 30, which Defendant elected not to oppose. ECF 28 states that "[n]othing in this certificate is intended as, or should be construed as, a refusal to comply with Section 3(A) for so

long as it applies to him." The text Doc. 33 quotes as § 3(A), "in any capacity to prepare documents submitted to the Court," Doc. 33 at 5, is again the May version. *Compare* Doc. 6 § 3(A), *with* Doc. 26 § 3(A). None of it bears on whether counsel's June 2 papers complied with Rule 11, and Doc. 33 requests nothing by motion.

**II. Most of the Motions' Grounds Drew No Response.**

Doc. 33 expressly declines the factual grounds: "we need not and do not address each of Plaintiff's complaints about (true) facts." Doc. 33 at 10. Within the twenty-five pages it says it addresses, it does not mention the "Sherri" consent-and-reassignment story counsel prefaced "[a]lthough beyond the scope of this motion," Doc. 29 at 15; the summons insinuation, *id.* at 15–16; the arguments from non-elements, *id.* at 16–17; the "serial plaintiff" exception to *Coventry First* on which Doc. 16's entire discretionary opposition depends, *id.* at 17–18; the *Heritage* order offered as propensity evidence, *id.* at 19; the improper-purpose cluster, *id.* at 20–21; or the cross-filing pattern, *id.* at 21–22. On the *Foman* factors, Doc. 33 restates the conduct: the video was cited, it says, to show "that Plaintiff should not be allowed to amend his complaint … to extract a cost-of-litigation settlement." Doc. 33 at 10. That is the use of an out-of-court video to supply "bad faith" that the motion identifies. Doc. 29 at 18–19. Defendant states the consequence itself, twice

in this brief alone: "the failure to respond to an opposing party's argument constitutes abandonment." Doc. 33 at 5, 24 (quoting *Boyd*); *see* LR 7.1(B), NDGa.

The two factual answers Doc. 33 does give make the motions' point. First, it calls the outside-record assertions "(true) facts." Doc. 33 at 10. Whether they have "evidentiary support" is the Rule 11(b)(3) question, and Doc. 33 answers it as Doc. 15-1 did, with counsel's word and no evidence. Its fallback, that the Court will sort facts inside and outside the pleadings under Rule 12(b)(6), *id.* at 9, confuses the motion with the certification; the "violation of Rule 11 is complete when the paper is filed." *Cooter & Gell*, 496 U.S. at 395 (quotation omitted). The only authority offered for the fallback is "Williams, 2026 WL 2963515, at *2," Doc. 33 at 9, a citation without case name, court, or date, which Plaintiff has been unable to identify. Second, Doc. 33 says Plaintiff "asked the Court to take judicial notice of the *Sumrell* litigation." *Id.* at 10 (citing FAC ¶ 52). Notice of another proceeding is "not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (quotation omitted). Doc. 16 offered the dismissal papers for the truth of a fact, "there was no settlement," Doc. 16 at 11, against FAC ¶ 54's allegation of one, which futility review takes as true, and the papers corroborate the allegation. Doc. 29 at 20.

**III. Doc. 33 Misstates the Standards and the Relief.**

**A. The standard is objective, and Doc. 33's answer is subjective.** For § 1927, "bad faith turns not on the attorney's subjective intent, but on the attorney's objective conduct," and "objectively reckless conduct is enough to warrant sanctions even if the attorney does not act knowingly and malevolently." *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239, 1241 (11th Cir. 2007). Rule 11 likewise attaches its certification to each contention "whether by signing, filing, submitting, or later advocating it." Fed. R. Civ. P. 11(b). Doc. 33's answer remains counsel's conviction: "we continue to maintain that our reading of the law is correct," Doc. 33 at 2; "we continue to believe," *id.* at 24. The question is not whether counsel believe the law favors them. It is whether the authority as described to this Court is the authority as written.

**B. Multiplication turns on how a filing is made, not what it asks for.** Doc. 33 says, without authority, that "[s]eeking dismissal of a lawsuit is the antithesis of multiplying proceedings." Doc. 33 at 12. Bad faith under § 1927 is shown where an attorney "knowingly or recklessly pursues a frivolous claim or engages in litigation tactics that needlessly obstruct the litigation of non-frivolous claims." *Amlong*, 500 F.3d at 1239 (quoting *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003)). A misdescribed authority obstructs regardless of the

relief requested, because it must be reconstructed before the motion can be decided. And the multiplication here continued after notice. Doc. 25 at 11–12 set out, from the opinions, what *Lopresti* and *Davis* say. Doc. 33 at 16 re-presents Doc. 22's descriptions of both decisions word for word. Part IV.B, *infra*.

**C. Massengale forecloses fees, not sanctions.** Doc. 33 repeats that "Massengale holds that a pro se litigant may not be awarded attorneys' fees" and observes that the only costs Plaintiff identifies are those of preparing and serving the motion. Doc. 33 at 8. Plaintiff seeks no fees. Doc. 29 at 24; Doc. 31 at 25. *Massengale* barred fees because a pro se party "cannot have incurred attorney's fees as an expense," and on remand directed that "the district court can impose, within its sound discretion, appropriate sanctions that would serve Rule 11's deterrent purpose." *Massengale v. Ray*, 267 F.3d 1298, 1302–03 (11th Cir. 2001). Rule 11(c)(4) supplies those sanctions: "an order to pay a penalty into court" and payment of "other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4). The costs of the motion are expenses directly resulting from the violation. Section 1927 reaches "excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct," 28 U.S.C. § 1927, and a pro se litigant incurs the first two. The "financial nexus" Doc. 33 invokes caps the amount; it does not bar the sanction. *Amlong*, 500 F.3d at 1239.

**IV. On the Merits It Reaches, Doc. 33 Repeats the Misdescriptions.**

**A. "Every district court."** Doc. 33 asserts that "[a]s the six cited decisions establish," the statement is "in fact, true." Doc. 33 at 15. Doc. 15-1 cited seven decisions. Doc. 15-1 at 5–6. Six construed only the words "telephone call" in § 227(c)(5). The seventh, *Lopresti*, was on June 2, 2026 a magistrate judge's recommendation under a pending objection, and reached § 227(b) in a single sentence. Doc. 29 at 8–9. Doc. 33's defense is the block quotation from Doc. 15-1 at 5, which represents that each court "evaluated" whether a "call" under § 227(b) or a "telephone call" under § 227(c) includes texts. Doc. 33 at 15–16. That representation is the violation, not an answer to it.

Doc. 33 adds that Plaintiff "does not explain why there is any meaningful distinction between a 'call' in Section 227(b) and a 'telephone call' in Section 227(c)." Doc. 33 at 16. Defendant's own authorities explain it. The opinion Doc. 33 quotes for the "sea change" distinguished *Campbell-Ewald* because the Supreme Court "did not address the 'telephone call' language at issue in § 227(c)(5) but the broader prohibition on 'any call' in § 227(b)(1)(A)(iii)," and distinguished *Drazen* as arising "in the context of § 227(b)(1)(A)(iii)." *Radvansky v. 1-800-Flowers.com, Inc.*, No. 1:25-cv-2811-TWT, 2026 WL 456919, slip op. at 11 (N.D. Ga. Feb. 17, 2026). *Davis* said the same of *Campbell-Ewald*: "that case did not address the

statutory term 'telephone call' at issue here; it dealt with a broader prohibition on 'any call.'" *Davis v. CVS Pharmacy, Inc.*, 797 F. Supp. 3d 1270, 1273 (N.D. Fla. 2025). And Doc. 33 again quotes the "sea change" and "fresh eyes" sentence without its subject or its sequel. What it leaves to district courts is "whether § 227(c)(5)'s reference to 'telephone call[s]' also encompasses text messages," and its next words are "Thus far, courts have been split on the issue." *Radvansky*, 2026 WL 456919, at *3. Doc. 33 now concedes the other side of that split, "several courts in other circuits." Doc. 33 at 18. Doc. 15-1 called the result "foreordained." Doc. 15-1 at 7.

**B. Lopresti and Davis, again.** Doc. 33 at 16 reproduces Doc. 22 at 16 verbatim: *Lopresti* "considered and rejected" coverage under "either Section 227(b) or Section 227(c)" and described § 227(c) as "more broadly titled," so that "[i]f anything, Section 227(c) is the broader statute"; and *Davis* shows that "the cited cases use the terms interchangeably." Doc. 25 at 11–12 set out what each opinion says. *Lopresti*'s sentence describes a heading, in a passage contrasting § 227(b) with § 227(c), and its treatment of § 227(b) is one sentence of assumption: "there appears to be no reason to distinguish the § 227(c) claims from the paragraph §227(b) claims as they are part of the same statutory framework." *Lopresti v. Nouveau Essentials Mktg. LLC*, 2026 WL 964758, at *5 (M.D. Fla. Feb. 26, 2026)

(R&R). *Davis* holds that the terms differ and that the difference decides the case, because courts "presume that, when a statute uses one term in one place and a distinct term elsewhere, the difference matters." 797 F. Supp. 3d at 1273 (quotation omitted). Doc. 33 answers none of this and repeats the passages unchanged. That is multiplication in its plainest form: the same descriptions, re-presented after their inaccuracy was shown, require the same correction a third time.

**C. Drazen.** Doc. 15-1 introduced its block quotation with "under either common sense or the Restatement," cited it to "Drazen v. Pinto, 74 F.4th 1336, 1343 (11th Cir. 2023)," and concluded "Plaintiff's claim fails as a matter of law." Doc. 15-1 at 15–16. Doc. 33 now introduces the same block quotation with what the motions said: "Relying on Comment d, GoDaddy argued that a single text is not 'highly offensive.'" Doc. 33 at 22. That concedes the representation. Words the en banc court recited as GoDaddy's argument were presented to this Court, without attribution, as the court's own.

Doc. 33's answer is that the court "did not dispute GoDaddy's account of the tort" and "accepted GoDaddy's premise … in its own words" in a sentence two pages later. *Id.* at 22–23. That sentence is not the one Doc. 15-1 quoted, and it does not say what Doc. 15-1 said. It concerns one message: "To be sure, a single unwanted text message may not 'be highly offensive to the ordinary reasonable

man.'" *Drazen v. Pinto*, 74 F.4th 1336, 1345 (11th Cir. 2023) (en banc). The court went on: "Yet an unwanted text message is nonetheless offensive to some degree to a reasonable person." *Id.* It recorded GoDaddy's concession that one message a day for thirty days would suffice, and asked: "If thirty are enough, then are twenty-nine? Are twenty-eight? How about two? Drawing the line necessarily requires us to make a choice of degree." *Id. Drazen* left that line undrawn. It cannot support the representation that six messages fail "as a matter of law." Nor can *Guilbeau*, which Doc. 33 cites again, Doc. 33 at 24. The Oklahoma Supreme Court there held an intrusion claim stated, and "express[ed] no opinion on whether Guilbeau can establish that the Hospital's bereavement project was either (1) done without her consent or (2) highly offensive to a reasonable person." *Guilbeau v. Durant H.M.A., LLC*, 533 P.3d 764, ¶ 29 (Okla. 2023).

Doc. 33 calls *Drazen*'s footnote 5 "simply dicta that failed to survive the tidal wave of *Loper Bright*." Doc. 33 at 23. The footnote decides nothing on the merits, and the motions never said it did. But it rests on the statute, on *Cranor*, and on *Campbell-Ewald*, not on deference to any agency, 74 F.4th at 1343 n.5, so *Loper Bright* has nothing to wash away. The point is candor: a brief that told the Court "the TCPA does not authorize a private right of action concerning text messages," Doc. 15-1 at 8, and quoted *Drazen* seven pages later, omitted the en

banc court's statement that "Congress appears to have targeted unwanted text messages (as well as unwanted phone messages) with the TCPA." 74 F.4th at 1343 n.5. *Keating* is the same. Doc. 33 concedes that the Sixth Circuit treated texts as calls, Doc. 33 at 19–20; Doc. 15-1 quoted the decision for the opposite without saying so.

**D. Corrections in a later brief cure nothing.** Doc. 33 cites "§ 652B" throughout and *Keating* at "615 F. App'x," Doc. 33 at 19–22, after Doc. 22 wrote "§ 625B" seven times and attributed it to the Eleventh Circuit, and cited *Keating* three times at "625 F. App'x." Neither correction is acknowledged, and neither is a cure. Rule 11(c)(2) asks whether "the challenged paper" was "withdrawn or appropriately corrected within 21 days after service." The challenged paper is Doc. 15-1. It still cites "§ 625B" twice, Doc. 15-1 at 14, 16, still cites *Keating* at "625 F. App'x," *id.* at 7, and still presents GoDaddy's argument as *Drazen*'s own words. Correcting a citation in a later brief while defending the paper that contains the error is neither withdrawal nor correction of that paper.

## V. Conclusion

Doc. 33 leaves the § 1927 motion unanswered, leaves the factual and Doc. 16 grounds of the Rule 11 motion unanswered, and repeats the misdescriptions it does address. Plaintiff respectfully requests that the Court grant Doc. 29 and Doc.

31 and award the relief requested in each, Doc. 29 at 24–25; Doc. 31 at 25, or, in the alternative, order counsel to show cause under Rule 11(c)(3) why the conduct described in the motions has not violated Rule 11(b), and grant such other relief as is just.

Respectfully submitted this 16th day of October, 2026.

Anthony Trupia, Pro Se
605 SE 21st St., Oklahoma City, OK 73129
(516) 984-0142, trupiaar@gmail.com

## Certification as to Authorities

I certify that I have read every legal authority cited in this document in full, and that, to the best of my knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the legal authorities identified in it exist and are accurately cited.

Anthony Trupia, Pro Se

## Local Rule 7.1(D) Certification

I certify that this document has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1: 14-point Times New Roman.

Anthony Trupia, Pro Se

## Certificate of Service

I certify that on October 15th, 2026, I filed the foregoing document with the Clerk of Court and served it on counsel of record for Defendant by email, addressed to:

Peter J. Brann, pbrann@brannlaw.com
David Swetnam-Burland, dsb@brannlaw.com
Brann & Isaacson
113 Lisbon St., P.O. Box 3070, Lewiston, ME 04243-3070

Edward A. Bedard, ebedard@robbinsfirm.com
Robbins Alloy Belinfante Littlefield, LLC
500 14th Street, NW, Atlanta, GA 30318

Anthony Trupia, Pro Se

Anthony Trupia
605 SE 21st St.
Oklahoma City, OK 73129

OKLAHOMA CITY OK 730
19 OCT 2026 PM







GA30303
U.S. Marshals Service

OCT 26 2026

CLEARED DATE

Clerk of Court
U.S. District Court Northern District of Georgia,
Atlanta Division
Richard B. Russell Federal Building & U.S.
Courthouse
75 Ted Turner Drive SW, Room 2211
Atlanta, GA 30303-3309